IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:20-cv-00486-SKC

STEPHEN S. STUHMER,

        Plaintiff,

v.

MICHAEL GIRDNER, and
PAUL GIRDNER,

        Defendants.

---

ORDER GRANTING MOTION FOR ATTORNEYS FEES AND COSTS (DKT. 119)

---

Because Plaintiff prevailed in a jury trial on his claim for civil theft, he is entitled to an award of attorney fees and costs pursuant to Colo. Rev. Stat. § 18-4-405 (Civil Theft Statute). Under Colorado law, an award of attorney fees is mandatory when a plaintiff prevails on a civil theft claim. *Steward Software Co. v. Kopcho*, 275 P.3d 702, 712 (Colo. App. 2010), *rev'd on other grounds*, 266 P.3d 1085 (Colo. 2011). Thus, this Court has no discretion whether to award fees and is limited to determining the reasonableness of Plaintiff's requested fees. *Arnold v. Arnold (In re Arnold)*, 2016 WL 1022350, at *4 (10th Cir. BAP Mar. 15, 2016).

The Court has reviewed Plaintiff's Motion and billing statements (Dkt. 119), the related briefing, the entire record, and the relevant law. No hearing is necessary.

For the following reasons, the Court awards Plaintiff reasonable attorney fees in the amount of $182,944.50, and his expert witness costs in the amount of $32,566.00.

## ANALYSIS

Colorado law determines whether Plaintiff's requested attorney fees are reasonable within the meaning of Colorado's Civil Theft Statute. *In re Arnold*, 2016 WL 1022350, at *4. When determining a fee award, "[a] court makes an initial estimate of a reasonable attorney fee by calculating the lodestar amount," which "represents the number of hours reasonably expended on the case, multiplied by a reasonable hourly rate." *Payan v. Nash Finch Co.*, 310 P.3d 212, 217 (Colo. App. 2012), *as modified on denial of reh'g* (Nov. 8, 2012) (citing *Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App. 1996)). But "it is not the court's burden 'to justify each dollar or hour deducted from the total submitted by counsel. It remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero.'" *Id*. at 219 (quoting *Mares v. Credit Bureau*, 801 F.2d 1197, 1210 (10th Cir.1986)). "The district court has a corresponding obligation to exclude hours not reasonably expended from the calculation." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (internal quotation marks omitted).

## A.    Lodestar Amount

Plaintiff requests an award of $258,289 in fees and costs. Dkt. 119. This figure represents 857.7 hours of attorney and paralegal time for a total of $225,723 in fees

and $32,566 in expert witness costs. *Id*. In their Response, Defendants do not contest the billed hourly rates[1] or the expert witness costs. They instead contend Plaintiff's requested fees should be reduced because: (1) he has improperly included amounts attributable to separate state court proceedings; and (2) Plaintiff should not be permitted to recover for trial preparation on multiple occasions where the trial delays were attributable to him. Dkt. 131. The Court partly agrees.

## 1.     State Court Attorney Fees

Plaintiff includes attorney fees he incurred in an earlier and separate state court matter in which a state court made findings that proved relevant and binding on the parties and the claims tried in this Court. The Court agrees that the attorney fees incurred in the separate state court proceeding are not recoverable as prevailing-party attorney fees in this case.

Although it may be factually related, the state court case was a wholly separate action, as opposed to one started in state court and later removed to this Court. Despite the assuredness with which Plaintiff makes his argument, he has not cited a single case for the proposition that these fees can be recovered in this manner, and

---

[1] The Court has reviewed the billing rates of the partners, associates, and paralegals and agrees with Defendants that these rates are reasonable when considering "what lawyers [and legal professionals] of comparable skill and experience practicing in the area [and community] in which the litigation occurs would charge for their time." *Ramos*, 713 F.2d at 555. The Court also finds the expert costs reasonable.

the Court is aware of none.[2] To be sure, the position Plaintiff takes regarding the state court attorney fees is inconsistent with the position he took at trial regarding the attorney fees he incurred in his IRS tax court matter. He sought the latter in this Court as an element of his damages. Similarly, if Plaintiff wished to recover his costs and fees from the earlier state court case, he should have included those amounts in his damage calculations. But he did not. The Court finds these are not attorney fees Plaintiff incurred in his federal court action to prove his civil theft claim. *See* Colo. Rev. Stat. § 18-4-405 (stating in "an action" for civil theft the owner may recover "costs of the action and reasonable attorney fees").

Plaintiff does not dispute Defendants' calculation that parses the attorney and paralegal time spent on the separate state case versus this lawsuit. Nevertheless, the Court has reviewed the billing records and done its own calculation parsing the same; the Court attributes the following hours to work done in the separate state court action—these hours will be deducted from those reasonably expended in Plaintiff's prosecution of his civil theft claim:

- M. Caleb Meyer – .3 hours
- Adam M. Royval – 48.2 hours
- Katherine Martinez – 1.8 hours
- Matt Krassowski – 1.3 hours

---

[2] Yet again, Plaintiff sets the Court adrift in a sea of arguments leaving the Court to find its own legal paddles. But it is the Plaintiff's burden, and therefore, the Court abandons ship.

### 2.      Trial Delays

With respect to the trial delays, as ever, Defendants argument is undeveloped and unsupported by any legal authority.[3] Even if there was legal precedent for excluding such hours, Defendants have made no effort to identify which hours should be excluded or reduced and instead suggest that this Court simply exclude all billing entries "around December 13, 2021 . . . and all of the entries around February 21, 2023." This apathetic effort is unacceptable, and such an arbitrary exclusion of hours "around" certain dates would be untenable. Besides, Defendants make this argument with unclean hands because there were trial delays attributable to both sides.

The Court declines to reduce Plaintiff's hours on this basis. And in any event, the Court has reviewed Plaintiff's billing statements and does not find excessive billing related to trial preparation for the reset trial dates.

### 3.      Other Adjustments to Billed Hours

Independent of Defendants' arguments, the Court has its own obligation to determine whether the hours billed are reasonable. In requesting a fee award, the attorney must exercise the same "billing judgment" as would be proper in setting fees

---

[3] Time and again in their post-trial filings, all parties make half-hearted efforts. They argue many things without supporting their arguments with citations to facts, case law, record citations, etc. They argue as if they expect the Court to do the work of supporting their arguments for them. It is not the Court's role to root out the support, or lack thereof, for the parties' arguments. That role is reserved to the advocate. The lack of effort by counsel on both sides raises questions about the good faith basis for their filings and arguments. This is a line upon which counsel should not be so comfortable to teeter.

for a paying client. *Hensley*, 461 U.S. at 436. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case v. Unified Sch. Dist. No. 223*, 157 F.3d 1243, 1250 (10th Cir. 1998) (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987)). Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from a fee request. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1204 (10th Cir. 1986) (citation omitted).

Tasks that are easily delegable to non-professionals or less experienced associates should not be billed at a higher hourly rate. *N.M. Citizens for Clean Air & Water v. Espanola Mercantile Co.*, 72 F.3d 830, 835 (10th Cir. 1996); *see also Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983) ("Nor do we approve the wasteful use of highly skilled and highly priced talent for matters easily delegable … Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates."); *Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, 958 F. Supp. 2d 1238, 1259 (D. Colo. 2013) (reducing partner fees by 10% after finding there was an "over-reliance on partners, rather than lower-cost associates, to prepare many aspects of the case" that was "not justified by the complexity of the case").

//

//

6

The Court has thoroughly reviewed Plaintiff's billing statements and notes numerous redacted entries. Although Plaintiff's counsel attests the redacted portions have not been billed, that is not at all clear because—as demonstrated below—most of these redacted entries still include hours and amounts billed.[4] Thus, the Court presumes these amounts were included in Plaintiff's requested attorney fees award. However, many of these redactions make it impossible to determine whether the billing was reasonably necessary to the prosecution of the civil theft claim. For example, some entries exclude the topics of research or topics of conversation.



//

//

---
[4] Only a scant few of the redacted entries are explicit that there was no charge.

7

Other entries also redact the names of the participants in the conversations or correspondence.

| 12/19/2019 | AMR | 10396.0001/ Stuhmer, Steve | 1.00 | 300.00 |
| | | Stuhmer-General Matter (C) | | |
| | | Revisions to Complaint; conversation with ▓▓ | | |
| | | ▓▓▓▓ regarding ▓▓▓▓ | | |
| 12/27/2019 | AMR | 10396.0001/ Stuhmer, Steve | 0.80 | 240.00 |
| | | Stuhmer-General Matter (C) | | |
| | | Discussion with ▓▓▓ regarding | | |
| | | ▓▓▓▓▓ | | |
| 12/27/2019 | AMR | 10396.0001/ Stuhmer, Steve | 1.30 | 390.00 |
| | | Stuhmer-General Matter (C) | | |
| | | Conversation with ▓▓▓▓ regarding | | |
| | | ▓▓▓▓▓▓ | | |

Plaintiff has not provided the Court with an unredacted copy of the billing statements and without such pertinent detail, he has failed to meet his burden of justifying these amounts. *See Case v. Unified Sch. Dist. No. 223*, 157 F.3d 1243, 1250 (10th Cir. 1998) (A movant should submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987); *cf. Roe v. Cath. Health Initiatives Colorado*, 281 F.R.D. 632, 636 (D. Colo. 2012) ("Generally, information on an attorney's billing statement which shows the fee amount, the general nature of the services performed, and the case on which the services were performed is not privileged.").

Consequently, the Court has reduced the billable hours as follows:[5]

---

[5] For Mr. Meyer, Mr. Royval, and Ms. Martinez, these amounts do not overlap with the bills attributable to the state court proceedings.

- M. Caleb Meyer – reduction of 11.8 hours

- Adam M. Royval – reduction of 47.8 hours

- Vincent Luparell – reduction of 31.4 hours

- Katherine Martinez – reduction of 8 hours

Based on the foregoing analysis and deductions made for the separate state court action and those immediately above for the indecipherable billed hours, the Court calculates the lodestar amount as follows:

| Professional | Rate per hour | Total Hours Billed | Deduction: State Court | Deduction: Vague Bills | Reductions | Total Amount Awarded: |
|---|---|---|---|---|---|---|
| Mr. Meyer | $350 | 129.8 | .3 | 11.8 | $0.00 | $41,195.00 |
| Mr. Royval | $300 | 406.8 | 48.2 | 47.8 | $770.00 | $92,470.00 |
| Mr. Luparell | $250 | 143.5 | 0 | 31.4 | $1709.50 | $26,315.50 |
| Ms. Martinez | $170 | 131.4 | 1.8 | 8 | $5,559.00 | $15,113.00 |
| Mr. Krassowski | $175 | 2.0 | 1.3 | 0 | $6.50 | $116.00 |
| Mr. Meyer | $175 | 12.8 | 0 | 0 | $0.00 | $2,240.00 |
| Ms. Knull | $175 | 31.4 | 0 | 0 | $0.00 | $5,495.00 |
| **Total** | | | | | | **$182,944.50** |

## B.    Adjustments to the Lodestar Amount

Defendants also argue Plaintiff's requested fees are unreasonable because the only basis for them is Plaintiff's civil theft claim, which they contend was not complicated. And because the jury awarded Plaintiff a total of $400 in statutory

9

damages on his civil theft claim, they argue the award is disproportionate to the amount of fees requested. The Court concludes no adjustment to the lodestar amount is necessary.

While Defendants contend Plaintiff's fees are justified only as they relate to the civil theft claim, the Court concludes the fees cannot be so easily parsed from his additional claims of conversion, false representation, and nondisclosure or concealment. Rather, as the Colorado Supreme Court observed in *Rocky Mountain Festivals, Inc. v. Parsons Corp.*, 242 P.3d 1067, 1073 (Colo. 2010):

> [W]here a plaintiff had brought multiple claims "involv[ing] a common core of facts" or "based on related legal theories," counsel's efforts on an individual claim could not be distinguished from work on the whole of the litigation, and thus a reduction in the fee award for work done on unsuccessful claims would be inappropriate.

Here, each of Plaintiff's theories and claims were related and based on a common core of facts. Thus, the Court will not attempt to determine what proportion of the hours are attributable to the civil theft claim as opposed to the other claims.

Regarding the proportionality of the fees to the damages award, Colorado courts have specifically rejected an approach that requires attorney fees to have a direct or proportional relationship to the amount of damages awarded. *See Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 148 (Colo. App. 1996). "Nonetheless, a trial court is not precluded from considering the amount in controversy when awarding attorney fees." *Payan*, 310 P.3d at 222; *see also* Colo. RPC 1.5 (listing "amount involved and the results obtained" as factors in determining reasonable

attorney fees). Having so considered, the Court concludes its previous reductions to the Plaintiff's billable hours also appropriately account for any disparity between the results obtained on the civil theft claim and the total amount of fees requested.

*      *      *

For the reasons shared above, it is ORDERED:

1. Plaintiff's Motion for Attorneys Fees and Costs is GRANTED IN PART.

2. Plaintiff is awarded attorney fees in the amount of $182,944.50.

3. Plaintiff is awarded his expert witness costs in the amount of $32,566.00.

DATED: July 8, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge